479 P.2d 436

**CITY OF TEMPE, a municipal corporation, Appellant,**

**v.**

**Robert E. CATT and Virginia Mae Catt, his wife, Appellees.**

**No. I CA–CIV 1299.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 14, 1971.

David R. Merkel, City Atty., by C. Brad Woodford, Asst. City Atty., Tempe, for appellant.

Richard S. Berry and Jack K. Brigham, Tempe, for appellees.

JACOBSON, Presiding Judge.

In this appeal we are asked to determine whether the City of Tempe proved a case of actionable fraud against the defendants for initiating two improvement districts within the city limits.

**560**

Plaintiff-appellant, the City of Tempe, a municipal corporation, brought an action, in two counts, for fraud against defendants-appellees, ROBERT CATT and VIRGINIA MAE CATT, his wife. Judgment was subsequently entered in favor of the defendants and plaintiff has appealed.

Before setting forth the facts, it is necessary to make a determination as to the posture of this matter on appeal. Plaintiff contends that the determination of the trial court was on a motion for summary judgment and that disputed material facts precluded the granting of such a judgment. Defendants, on the other hand, contend the matter was submitted to the trial court for determination on its merits and that the trial court's judgment was supported by reasonable evidence. A procedural recitation is necessary to determine this initial issue.

Plaintiff's original complaint in this matter, while stated in two counts, was generally for fraud allegedly practiced by the defendants in misrepresenting their ownership of sixty percent of the land situated in two proposed improvement districts, thereby causing the plaintiff to expend approximately $20,000.00 in engineering services for these districts, when in fact defendant had no right to encumber the property involved. Following separate answers by the defendants, and pretrial discovery, the matter was duly set for a pretrial conference. In the resulting pretrial order, the court indicated that a motion for summary judgment might be in order on behalf of defendants and vacated trial setting if such a motion was filed. Defendants thereupon filed a motion for summary judgment which was treated by the trial court as a motion to dismiss. This motion was granted with leave to the City to file an amended complaint. Plaintiff's amended complaint was duly filed and the matter was again set for trial. On the day of trial defendant submitted another motion for summary judgment. The minutes of the Clerk's office are as follows:

"Motion for summary judgment is filed.

"Opposition to motion for summary judgment is filed.

"This cause comes on for trial before the court and both sides announce ready.

"Counsel for the plaintiff is present and counsel for the defendants is present.

"Counsel stipulate that the depositions of Robert E. Catt, Robert J. Snyder and R. N. Herman may be introduced in evidence and filed.

"Plaintiffs' exhibit 'No. 1' (deposition of Robert E. Catt) is introduced in evidence and filed.

"Plaintiffs' exhibit 'No. 2' (deposition of Robert J. Snyder) is introduced in evidence and filed.

"Plaintiffs' exhibit 'No. 3' (deposition of R. N. Herman) is introduced in evidence and filed.

"Both sides rest.

"Counsel present argument to the Court.

"It is ordered taking this case under advisement."

The judgment entered herein stated "that defendants * * * be and they are hereby granted a *summary judgment* against the plaintiff. * * *"

It would appear from the minute entry, above quoted, that on the day the matter was set for trial, counsel for both parties agreed that the matter was to be submitted to the court on the depositions and affidavits in the file, without the necessity of the court hearing live witnesses. Having so agreed to submit the matter, plaintiff cannot now urge that the trial court handled the matter as a motion for summary judgment. We will treat that portion of the judgment above quoted referring to a "summary" judgment as mere inadvertence on the part of the trial court and treat the judgment in favor of the defendants as one rendered after a trial on the merits.

In accordance with the above determination, the facts hereinafter stated are set

forth in a light most favorable to support the trial court's judgment.

In October, 1964, defendant Robert E. Catt submitted to the City of Tempe petitions on forms prepared by the City for the formation of an improvement district in an area within the city limits described as a portion of Section 17, Township 1 N, Range 4 E, GRSB&M. In December 1964, defendant Robert E. Catt submitted another petition for the formation of another improvement district in an area known as Shalimar Estates Addition No. 1. Both petitions contained the following language: "We the undersigned *residents and property owners* of the area known as [description of the improvement district] do hereby petition the mayor and city council for [description of the improvements]." Petitions dealing with the Section 17 property were signed by Robert E. Catt, G & C Corp., and John Wood Construction Corporation. The petition dealing with the Shalimar Estates property was signed by the defendant Robert E. Catt and Shalimar Estates. Defendant Robert E. Catt owns an interest in all the corporate signatories.

Following the filing of the petitions, the City Council formally authorized the formation of Improvement District No. 89 (covering the Section 17 property) and Improvement District No. 92 (covering the Shalimar Estate property), and hired an independent project engineer for both projects. The City incurred expenses in excess of $7,000 for the preparation of plans and specifications and engineering services for Improvement District No. 89 and a sum in excess of $13,000 for like services for Improvement District No. 92. These plans and specifications were approved by the City Council and resolutions of intention were passed for both districts in August, 1965.

At the time of the submission of the petitions to the City of Tempe, it was the policy of the City's Public Works Department not to institute an improvement district unless over sixty percent of the property owners within the area benefited by the improvement district signed the petitions. Such a policy was not in writing. Subsequent to the claim, if any, arising here, the City of Tempe passed an ordinance codifying this policy. Defendant Robert E. Catt had no knowledge of such a policy. The Catts' answering brief alleges that at the time the petitions were filed Robert E. Catt was the owner of two parcels of land, one in each of the two improvement district.[1] The corporate signatories were the owners of the second beneficial interests in subdivision trusts covering parts of both the Section 17 property and the Shalimar Estates property. The subdivision trust specifically prohibited the second beneficiary from encumbering the trust property.

After publication of the resolution of intention, Phoenix Title and Trust, as trustee informed the City by letter that neither Robert E. Catt nor the corporate entities had authority to encumber the property. The districts were subsequently abandoned. This action sounding in fraud to recover over $20,000 expended for engineering services was then commenced against the defendants.

In order to prove actionable fraud the burden was on the City to prove by clear and convincing evidence the nine elements of fraud: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, (5) the intent that

---

1. The affidavit of the trust officer of Phoenix Title & Trust indicates that Robert E. Catt received two deeds from trust, both conveying land out of trust by a metes and bounds description. From the record we are unable to determine whether either of these deeds embrace property lying in Shalimar Estates Addition No. 1, the property embraced in Improvement District No. 92. The City in its reply brief has failed to dispute or to point to the record where defendant's assertion that he owned property in both improvement districts is incorrect. We have therefore assumed that defendant Robert E. Catt in fact owned property in both improvement districts.

**562**

it should be acted upon, (6) the hearer's ignorance of its falsity, (7) his reliance thereon, (8) his right to rely and (9) his damages flowing therefrom. Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940); Poley v. Bender, 87 Ariz. 35, 347 P.2d 696 (1959).

The initial burden on the plaintiff was to prove a false material representation. Since it is indisputed that defendant Robert E. Catt did in fact own in his own name a portion of the real property involved in both improvement districts, it was incumbent upon the City to prove that the false representation made by defendant Catt was that he either owned all or at least sixty percent of the property involved in the improvement districts. At the outset, we do not believe that such a representation must be drawn from the signing of the petitions alone. These petitions as far as shown by the record, were used by the City for all of its improvement districts. The language of the petition ("we the undersigned resident property owners") is, in our opinion, capable of two interpretations. First, that the persons whose names appear on the petition are owners of a *portion* of the property within the overall generally described improvement district area, or, second, that the persons that sign the petition in fact own *all* the property in the generally described improvement district area. That the first interpretation is the more reasonable one, is buttressed by the policy of the City itself requiring sixty percent of the property owners to sign the petition. If the second interpretation now urged by the City was correct, obviously a sixty percent requirement of all the owners would not be necessary.

■ We therefore hold that the evidence did not compel a finding by the trial court that the signing of the petition in the form used, standing alone, proved a false material representation. This being the case, it then became necessary, as previously stated, for the City to prove either that Catt otherwise represented to the City that he was the owner of all or at least sixty percent of the property within the proposed improvement districts or that he had knowledge of the City's sixty percent policy and that with such knowledge signed the petition and presented the same as sufficient to comply with that policy.

The deposition and affidavits of defendant Robert E. Catt, expressly deny any actual representation or knowledge. This is sufficient evidence to support the trial court's judgment.

Having found that the record does not compel a finding that defendant Catt was guilty of making a false representation, it is unnecessary for us to discuss the other elements of fraud or make a determination as to whether or not such elements were supported by the evidence.

The judgment of the trial court is affirmed.

HAIRE and EUBANK, JJ., concur.